*In re* CUSTODY OF T.R.W., a Minor (Dorothy Bellefont, Petitioner-Appellant, v. Lula Wright, Respondent-Appellee).

Fourth District   No. 4—88—0634

Opinion filed February 23, 1989.

Law Offices of Ora J. Baer II, of Champaign, for appellant.

Steve Gray, of Land of Lincoln Legal Assistance Foundation, Inc., of Champaign, for the People.

JUSTICE LUND delivered the opinion of the court:

Petitioner Dorothy Bellefont filed a petition seeking custody of the minor, T.R.W., in the circuit court of Champaign County, pursuant to section 4 of the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1987, ch. 40, par. 2104). Petitioner is the minor's paternal grandmother. After ascertaining that a dissolution proceeding was pending in the circuit court of Milwaukee County, Wisconsin, which included the matter of the minor's care and custody, the circuit court of Champaign County determined it was an inconvenient forum and dismissed the petition. Further, the court ordered petitioner to conform to certain orders on file in the Wisconsin proceeding by return-

ing physical custody of the minor to the minor's mother. Petitioner appeals. We affirm.

The following is a chronological history of the relevant facts. On June 29, 1987, Lula H. Wright filed a petition for dissolution of marriage from Donney Bernard Wright in the circuit court of Milwaukee County. Lula petitioned the court for full custody of the couple's three minor children, including T.R.W. A guardian *ad litem* was appointed to represent the interests of the minors on August 11, 1987. An order was entered on September 3, 1987, granting temporary custody of T.R.W. to both parents. Later, the temporary custody order was modified in that Lula was given sole temporary physical custody. On January 20, 1988, an order was entered requiring Lula and Donney and the three children to submit to psychological evaluations.

In April, Lula allowed T.R.W. to visit petitioner in Champaign, Illinois. The arrangements included a visit of three weeks, beginning April 22 and ending May 7, 1988. However, petitioner did not return T.R.W. as planned.

Petitioner filed her petition for custody on June 2, 1988. She alleged specific incidents in which T.R.W. had been physically abused by her mother. The specific incidents dated back to November 1986. Petitioner also alleged that T.R.W. was generally uncared for by her mother. A temporary order was entered in Champaign County granting petitioner custody of T.R.W.

When Lula received notice of the instigation of court proceedings in Champaign County, she immediately sought help in both the Wisconsin and Illinois courts. In Wisconsin, a hearing was set for an order to show cause as to why petitioner should not be held in contempt for refusing to return T.R.W. to Lula. Petitioner had previously submitted to the jurisdiction of the Wisconsin court and had participated, to some extent, in those proceedings. In Illinois, Lula entered a special and limited appearance for purposes of alerting the court to the pending proceedings in Wisconsin.

Pursuant to statute, Judge John G. Townsend of the Champaign County circuit court discussed the matter with the Wisconsin circuit judge presiding over the dissolution proceeding, Judge Clarence R. Parrish. Judge Parrish requested the matter be concluded in Illinois and handled entirely in Wisconsin. There followed the order from Judge Townsend dismissing the petition and ordering the return of T.R.W. to Wisconsin.

On appeal, petitioner essentially argues that only she can protect the minor child from abuse. She explains how she believes Lula has abused T.R.W. over a period of 17 months. Petitioner then states she

has protected T.R.W. from further abuse through the filing of a petition in Champaign County. Petitioner has enrolled T.R.W. in a counseling program and also provided regular medical examinations for the minor. However, petitioner does not address the issue of which forum, Wisconsin or Illinois, is the proper one to handle the matter of T.R.W.'s care and custody.

The Uniform Child Custody Jurisdiction Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 2101 *et seq.*) was aimed at resolving the conflicts arising out of "interstate custody disputes: children not returned after out-of-state visits; conflicting custody awards in two states; child abductions and concealments by fugitive parents; and denials of visitation rights in a distant state." (Bodenheimer, *Progress Under the Uniform Child Custody Jurisdiction Act and Remaining Problems: Punitive Decrees, Joint Custody, and Excessive Modifications*, 65 Cal. L. Rev. 978, 979 (1977).) The purposes of the Act clearly reflect the concern that an interstate custody dispute be resolved in the one forum with the closest connection to the child, the family of the child, and the evidence required to make an informed decision. Section 2(a) of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 2102(a)) states, in part:

"The general purposes of this Act are to:

1. avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;

2. promote co-operation with the courts of other states to the end that a custody judgment is rendered in that state which can best decide the case in the interest of the child;

3. assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this State decline the exercise of jurisdiction when the child and his family have a closer connection with another state."

When proceedings have been started in more than one forum, the courts must jointly evaluate the matter, and the court which has the least interest in the minor must decline jurisdiction. Section 7(c) of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 2107(c)) states, in pertinent part:

"If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction it

shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum."

The next section, section 8(a), provides, in pertinent part:

"A court which has jurisdiction under this Act to make an initial or modification judgment may decline to exercise its jurisdiction any time before making a judgment if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." Ill. Rev. Stat. 1987, ch. 40, par. 2108(a).

In this case, upon being informed of the pending proceeding in Wisconsin, Judge Townsend consulted with the proper Wisconsin court authority concerning the extent of the proceedings therein. The record is clear that the Wisconsin proceeding had been pending for over a year, that the minor's interests were represented in the court proceedings through the appointment of a guardian *ad litem*, and that petitioner's actions were a hindrance to and not a help to the resolution of the matter in Wisconsin. Petitioner's allegations of abuse are serious, but she has given no reason why these allegations cannot be considered in the pending dissolution proceeding in Wisconsin. The determination of the circuit court of Champaign County to decline jurisdiction was fully in line with the purposes and requirements of the Act. Based on the facts now before this court, we suggest a contrary determination by the trial court would have been gross error.

For the reasons stated above, the order of the circuit court of Champaign County is affirmed.

Affirmed.

KNECHT and GREEN, JJ., concur.